

6/3/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOMOLU V.S. SIRLEAF, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-2520 (UNA) |
| SCOTT HARRIS *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter, brought *pro se* by a Virginia state prisoner, is before the Court on initial review of plaintiff's complaint and motion to proceed *in forma pauperis*. For the following reasons, the *in forma pauperis* motion will be granted and this case will be dismissed.

A district court must immediately dismiss a prisoner's complaint upon determining that it, among other enumerated grounds, fails to state a claim upon which relief can be granted or is frivolous. 28 U.S.C. § 1915A. In the instant complaint titled "Civil Conspiracy to Obstruct Justice," Compl. at 1, and styled "Particularized Complaint for Conspiracy to Deprive Rights to Equal Protection," *id.* at 2, plaintiff has sued Scott Harris, who is the Clerk of the United States Supreme Court; Barbara Meiklejohn[1], who is the Clerk of the Circuit Court of Montgomery County, Maryland; Maryland Circuit Court Judge Richard Jordan; Mailroom Clerk Lynda Burrows, who works at the facility where plaintiff is incarcerated; and seven "Doe" defendants. Compl. at 2-3.[2]

---

[1] Misspelled "Mikeljohn" throughout the complaint.

[2] The cited page numbers are those automatically assigned by the Electronic Case Filing system.

The prolix complaint, to the extent intelligible, is similar (if not identical) to at least two complaints that plaintiff filed in the United States District Court for the Eastern District of Virginia ("Virginia court").  The Virginia court has since dismissed both cases as frivolous and for failure to state a claim upon which relief may granted.  *See Sirleaf v. Northam*, No. 3:19-cv-182, 2019 WL 4247824 (E.D. Va. Sept. 6, 2019); *Sirleaf v. Mikeljohn*, No. 3:18-cv-562, 2019 WL 2251705, at *10 (E.D. Va. May 24, 2019), *aff'd sub nom. Sirleaf v. Meiklejohn*, 777 Fed. App'x 700 (4th Cir. 2019) (adding malicious as a third ground for dismissal).  This Court will follow suit.  The Virginia court's description of plaintiff's complaint is apt:

> The Particularized Complaint is fifty-nine pages comprised of rambling allegations, copies of documents from his criminal proceedings, legal outlines, articles, and press releases. Sirleaf calls this filing a "Particularized Complaint for Conspiracy to Deprive of Equal Protection[.]" . . . Sirleaf's allegations range from inter alia, conclusory and fanciful violations of the First and Fourteenth Amendments, to various conspiracies under 42 U.S.C. § 1983 and § 1985 to violate RLUIPA, to violate treaties and conventions with other countries, to violate the Americans with Disabilities Act, and to torture him and other inmates.

*Sirleaf v. Northam*, 2019 WL 4247824, at *3 (record citations omitted).  In the case against Meiklejohn, who also is a named defendant in this case, the Virginia court observed:

> Sirleaf names as Defendants the United States, the State of Maryland, and *what appears to be every jurist or clerk, both in state and federal court, that Sirleaf has interacted with during his litigious history and has rendered a decision he perceives as unfavorable or who were involved in the conviction or incarceration of his son in the Circuit Court of Montgomery County, Maryland.* Sirleaf's allegations range from inter alia, violations of various treaties and conventions with other countries, the First Amendment, the Americans with Disabilities Act, the Federal Magistrates Act, allegations of various conspiracies under 42 U.S.C. § 1985, and for kidnapping and falsely imprisoning his son. Sirleaf's requested relief is equally as expansive and includes demanding a jury trial, declaratory relief about his rights with respect to certain treaties, that the Liberian Consul be notified of his need for legal counsel, an

injunction against the state court in Maryland for refusing a habeas
petition, and monetary damages.

*Sirleaf v. Mikeljohn*, 2019 WL 2251705, at *5 (emphasis added).

In this case, plaintiff has filed a 54-page similarly rambling complaint accompanied by 178 pages of various documents labelled exhibits. Among the exhibits is a June 12, 2018 letter to plaintiff from the Office of the Clerk of the Supreme Court that forms the basis of plaintiff's claim against Harris and highlights the frivolousness of this action. Allegedly, Harris, with racial animus, deprived plaintiff of his "substantive rights to due process, access to the courts, and to petition the government." Compl. at 10. But the letter, ECF No. 1-1 at 14, is signed by Harris as Clerk of the Court, and it simply sets out the defects in plaintiff's petition for a writ of certiorari and explains why his documents were being returned for him to comply with the Court's rules. Plaintiff was given 60 days to return the documents to the Court, which alone undermines his denial-of-access claim. Yet, plaintiff has named Harris as a co-conspirator in a nebulous conspiracy, which is "legally insufficient and frivolous." *Sirleaf v. Northam*, 2019 WL 4247824, at *5; *see Richardson v. Suter*, 391 Fed. App'x. 2 (D.C. Cir. 2010) (per curiam) (affirming dismissal of complaint against Supreme Court clerk additionally "because appellant's claim of a racially-motivated conspiracy is frivolous").

In any event, the Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Therefore, "a lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Nor can a lower court "review orders of the Supreme Court or direct the Court to take

any action." *In re Lewis*, No. 99-5015, 1999 WL 150347, at *1 (D.C. Cir. Feb. 26, 1999) (citing *In re Marin*, 956 F.2d at 340) (other citation omitted)); *see accord Caprice v. United States*, No. 11-cv-0535, 2011 WL 902128, at *1 (D.D.C. Mar. 14, 2011) (noting that this district court "has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers with respect to plaintiff's petition" for a writ of certiorari).

In addition, "the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity from a lawsuit for money damages based upon decisions [such as alleged here] falling within the scope of their official duties," *Miller v. Harris*, 599 Fed. App'x 1 (D.C. Cir. 2015) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam)); *see Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (actions consisting of the denial of a petition for a writ of certiorari and the Deputy Clerk's refusal to file documents concerning a subsequent petition "are quintessentially 'judicial' in nature because they are 'an integral part of the judicial process'") (quoting *Sindram*, 986 F.2d at 1460-61), as do State court clerks like Meiklejohn, *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009); *see Sirleaf v. Mikeljohn*, 2019 WL 2251705, at *7 ("Sirleaf fails to allege that any of the named or unnamed clerks' actions fell outside of their judicially mandated duties. Thus, each clerk is immune from suit."); *cf.* Compl. at 36 ("charg[ing]" Meiklejohn "et al.," and Harris with violating plaintiff's First Amendment right "to Petition the Government for redress of . . . grievances").

The only mention the Court could find of "Jordan" is in conjunction with Meiklejohn. Compl. at 11. Apart from this being a wholly insubstantial claim against Judge Jordan, it is long-established that judges enjoy absolute immunity from suits based on acts taken in their judicial

capacity.  *Atherton*, 567 F.3d at 682 (citing *Butz v. Economou*, 438 U.S. 478, 511 (1978)).  Such "immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  And an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted."  *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981); *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that a complaint against judges who have "done nothing more than their duty" is "a meritless action").

For all of the foregoing reasons, and considering plaintiff's history of filing meritless and repetitive actions, this case will be dismissed with prejudice.  *See Fletcher v. Harris*, 790 Fed. App'x 220 (D.C. Cir. 2020) (affirming dismissal with prejudice of claim against the Clerk of the Supreme Court); *see also Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)).  In light of this dismissal and the foregoing dismissals in Virginia, moreover, plaintiff has accumulated the requisite three strikes under 28 U.S.C. § 1915(g).  Therefore, plaintiff can no longer bring a civil action *in forma pauperis* while incarcerated unless he shows at the time the action is filed that he "is under imminent danger of serious physical injury."  *Id*.  A memorializing order will issue separately.

DATE:  June 3, 2020

SIGNED:	EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE